UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:03-cr-146-T-23TGW
8:05-cv-338-T-23TGW

ROBERT KEITH GOLIDAY
_____/

# O R D E R

Goliday's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of Goliday's conviction for four counts of bank robbery for which he was sentenced to 188 months.[1] Although admitting (Doc. 5 at 4) that the motion to vacate is timely the United States argues that, as part of a plea agreement, Goliday waived his right to raise the grounds asserted in the motion to vacate.

## **FACTS**[2]

On Wednesday, January 29, 2003, a bank robbery was committed at the Bank of Tampa, 4600 West Cypress, Tampa, Florida. Subsequent to this robbery, the defendant was apprehended by detectives from the Hillsborough County Sheriff's Office (HCSO) at the AmeriSuites Hotel, 11408 30th Street North, Tampa, Florida. Following this apprehension, the defendant was given a full *Miranda* rights advisement and subsequently he told the detectives that he had robbed all of the banks listed in Counts One - Four of the Information (as well as several others not charged) by use of a method known in law enforcement as the presentation of a "demand" note. In this regard, the evidence would show that in each case, the defendant presented to victim bank tellers such a note demanding cash while placing the teller victims in fear and by intimidating them into thinking that if they failed to comply with his

---

[1] The sentence was later reduced to 175 months pursuant to Rule 35, Federal Rules of Criminal Procedure.

[2] This summary of the facts derives from the plea agreement (Doc. 10).

demands, the defendant would do harm to them.  By way of example, on January 2, 2003, the defendant walked into the Bank of America at 10002 Princess Palm Avenue in Tampa (*see, e.g.*, Count Two of the Information) and presented such a note, walking away with approximately $8,070.00 in the bank's currency.  Unfortunately for the defendant, the back of the demand note he used on this occasion bore Florida Driver's License Number G430-771-68-325-0, the defendant's driver's license number, assigned to "ROBERT KEITH GOLIDAY/black male/date of birth 9/5/68."  In addition, this note also contained a latent fingerprint of the defendant that was developed on the back of the note and later matched to the defendant's left ring finger.

To supplement the foregoing, other evidence (including victim - witness testimony, surveillance videos and other corroborative information) would be presented on all of the counts, conclusively corroborating the defendant's confession to the subject robberies.  Furthermore, evidence would be presented by all victim - tellers indicating that they were placed in fear and apprehension by the defendant's actions, and that at the time of all of the subject bank robberies, the funds of the banks involved were insured via the Federal Deposit Insurance Corporation (FDIC).

## GROUNDS

Goliday alleges in ground one both that his trial counsel was ineffective for not challenging the United States's failure to notify Goliday that he would receive an enhanced sentence as a habitual offender and that the court lacked jurisdiction to impose a habitual offender sentence based on a prior state conviction.  In ground two Goliday alleges that trial counsel was ineffective for not objecting to the habitual offender sentence and thus preserving the issue for appeal and that appellate counsel was ineffective for not raising the issue on appeal.

Goliday's conviction is based on a negotiated plea.  The plea agreement specifically states that Goliday "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the 'safety valve' provision contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2, except for an

upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines. . . ." Plea Agreement ¶5 at 10 (Doc. 10).

The magistrate judge ensured during the entry of the guilty plea that Goliday understood that he could not withdraw his plea even if the sentence imposed was greater than expected.

> THE COURT:  Let me emphasize that at this point, the court and no one associated with the court, such as the probation office, has finally determined what the guideline range will be.  In fact, they haven't even begun to calculate it because that stage of the process hasn't been reached.  So that if your lawyer or somebody else has given you an idea of what they think the guideline range might be, at this point it's only an estimate.  Do you understand that?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  And if at the time of sentencing, the sentencing guideline range, and, therefore, your sentence, turns out to be less favorable than you had hoped, you will not have a right to withdraw your plea of guilty.  Do you understand that?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Do you have any question about that?
>
> THE DEFENDANT:  No, sir.

Transcript of Guilty Plea at 23-24 (Doc. 40).  The magistrate judge also ensured that Goliday understood the significance of the appeal waiver.

> THE COURT:  I also want to emphasize Paragraph Five.  First, I will tell you that even though you are pleading guilty, you have a right to appeal your sentence.  But in Paragraph Five you limit the extent to which you can appeal your sentence.
>
> Under Paragraph Five you can only appeal if there is an upward departure by the sentencing judge, a sentence above the statutory maximum, or a

- 3 -

> sentence that violates the law apart from the sentencing guidelines.  In particular, what you cannot appeal is the way the court calculates the sentencing guidelines.  Do you understand that?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  And furthermore, you can't come back to the court at some late time and complain about the calculation either.  Do you understand that?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Do you have any question about that provision?
>
> THE DEFENDANT:  No, sir.
>
> THE COURT:  And are you agreeing to that provision freely and voluntarily as part of this plea agreement?
>
> THE DEFENDANT:  Yes, sir.

Transcript of Guilty Plea at 31-32 (Doc. 40).  Goliday's sentence is the high end of the guidelines, which sentence was neither an upward departure nor above the statutorily authorized maximum sentence of twenty years.  Consequently, Goliday's waiver of his right to challenge the guidelines sentence is controlling and the appeal waiver precludes Goliday's ineffective assistance of counsel claims.  Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (a valid appeal waiver precludes a Section 2255 claim based on ineffective assistance of counsel at sentencing).  Even if not waived, Goliday's ineffective assistance of counsel claims are meritless.[3]

---

[3] Trial counsel objected to the habitual offender designation in the presentence report and again at sentencing.  Goliday's allegation of lack of notice is unfounded; the cases upon which he relies in his petition are inapplicable firearms or drug cases, which are governed by distinctly different statutory provisions.  See e.g., 18 U.S.C.A. §§ 851 and 924.

- 4 -

- 5 -

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.  The clerk shall enter a judgment against Goliday and close this action.

ORDERED in Tampa, Florida, on February 21, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE